**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ANGEL SIFUENTES III, | No. 25-1365 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-00590-SK |
| v. | |
| X CORP., named as X Corp., Inc., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted June 30, 2026**

Before: LEE, BUMATAY, and SANCHEZ, Circuit Judges.

David Sifuentes appeals the district court's dismissal of his amended

complaint and denial of pre-dismissal discovery in his suit against X Corp. We have

jurisdiction under 28 U.S.C. § 1291. *See also* 28 U.S.C. § 636(c)(3). We review the

dismissal of Sifuentes's claims for res judicata and failure to state a claim upon

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

which relief can be granted de novo. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013); *Stanard v. Dy*, 88 F.4th 811, 815 (9th Cir. 2023). We review denial of discovery requests for abuse of discretion. *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1020 (9th Cir. 2012). We affirm.

1. Res judicata bars Sifuentes's claims against X Corp. stemming from an alleged 2016 data breach. Sifuentes previously litigated that matter in a suit against X Corp. in the Western District of Michigan. *Sifuentes v. Twitter Inc.*, No. 1:23-cv-981, 2023 WL 7295186 (W.D. Mich. Nov. 6, 2023). Because the precluding litigation proceeded in Michigan under diversity jurisdiction, we apply Michigan res judicata law. *See Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 986 F.3d 1106, 1114 (9th Cir. 2021) ("Where the allegedly preclusive decision was a diversity action, federal common law requires us to apply 'the law that would be applied by state courts in the State in which the federal diversity court sits.'" (quoting *Semtek Int'l Inc. v. Lockheed Maritn Corp.*, 531 U.S. 497, 508 (2001)); *see also Sifuentes*, 2023 WL 7295186 at *2 (noting case is proceeding under diversity jurisdiction).

Under Michigan law, a claim is precluded where "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Foster v. Foster*, 983 N.W.2d 373, 379 (Mich. 2022). Sifuentes is suing the same party (X Corp., formerly known as Twitter) in this litigation; the claim about the

alleged 2016 data breach was resolved in the prior litigation; and Sifuentes's complaint was dismissed with prejudice and thus was adjudicated on the merits. *Sifuentes*, 2023 WL 7295186, at *1-3; Fed. R. Civ. P 41(b); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002); *see also Berk v. Choy*, 607 U.S. 187, 192 (2026). So, res judicata precludes Sifuentes's claims stemming from the 2016 data breach. *Foster*, 983 N.W.2d at 379 ("[R]es judicata . . . bars . . . every claim *arising from the same transaction* that the parties, exercising reasonable diligence, could have raised but did not." (emphasis added) (simplified)).

Sifuentes suggests his previous judgment in the Western District of Michigan is void for lack of jurisdiction because the district court there did not provide a consent form for magistrate jurisdiction, as was provided to and signed by Sifuentes in the Northern District of California. But the judgment in the Western District of Michigan was issued by District Judge Robert Jonker. *Sifuentes*, 2023 WL 7295186; *see* U.S. Const. art. III § 1. No magistrate consent was required. *See* 28 U.S.C. § 132.

2. Sifuentes's other claims stem from alleged data breaches in 2021 and 2023. The district court correctly dismissed Sifuentes's claims arising under Michigan law because this suit is governed by California law under a choice-of-law clause in X Corp.'s Terms of Service, and Sifuentes offered no argument as to why Michigan law should govern. *See Nedlloyd Lines B.V. v. Superior Ct.*, 834 P.2d 1148, 1151–

53 (Cal. 1992) (holding California courts generally enforce valid choice-of-law provisions). Sifuentes's bare recitation of the applicable standard in his opening brief cannot suffice to raise the issue on appeal. *Crime Just. & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) ("Issues raised in a brief which are not supported by argument are deemed abandoned.") (quoting *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988)).

3. Sifuentes failed to state a plausible intentional infliction of emotional distress claim under California law, as his amended complaint consisted only of the bare assertion that X Corp.'s conduct was "extreme and outrageous." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").

4. Sifuentes argues the district court should have granted him discovery but references no point at which he moved for, or was denied, discovery. Regardless, plaintiffs are not entitled to discovery necessary to cure an inadequate complaint. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 n.7 (9th Cir. 2014); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

**AFFIRMED.**